*Western District*

### GERTRUDE L. BELAND AND LORENZO L. BELAND

v.

### ELM FARM FOOD CO.

Argued: June 16, 1965—Decided: Sept. 30, 1965

See: Dissent Of Garvey, J.
SEE: REPORTER'S NOTE.

*Present*: Garvey, P. J., Moore & Allen, JJ.

Case tried to *Barnes, J.* in the Central District Court of Worcester. No. 64-T-614.

*Moore, J.* This action of tort was originally brought in the Superior Court for the County of Worcester and by that court transferred for trial to the Central District Court of Worcester under the provisions of St. 1958, c. 369 (G. L. c. 231, §102c as amended) and reported to this court under the authority of *Lubell v. First National Stores, Inc.,* 342 Mass. 161.

The plaintiff, Gertrude, seeks to recover

for personal injuries received by her as the result of the alleged negligence of the defendant, while, as a business invitee, she was on premises, which it controlled.

The other plaintiff, Lorenzo, her husband, seeks to recover for consequential damages as a result of these injuries to his wife.

The defendant's answers were a general denial and the plaintiff's on contributory negligence.

Material to the issue raised, the trial judge found certain facts as follows:

"that the defendant, Elm Farm Food Co., on and for several years prior to May 10, 1962 was the operator and in control of the premises upon which a super market was conducted in the Webster Square Plaza, Worcester, Mass.; that on said May 10, 1962 the plaintiff was a business invitee upon the defendant's premises. At the time, the plaintiff was age 45, married and the mother of a family; that after purchasing some vegetables and some meat, she was walking through a certain aisle (sic) of the store looking for other items to purchase; that in this aisle (sic) was located the glasswear (sic) display and among the display were certain china or glass coffee cups; that the coffee cups were displayed on a shelf about four feet long, sixteen inches deep and located about twenty-one inches from the floor; that it was located the second shelf up from the floor; that the first, or bottom shelf protruded into the aisle (sic) about eight inches more than the second shelf upon which the cups were located; that along the front of this second shelf was a row of about

14 cups; that in addition there were two other rows behind the front one, making 3 rows deep and 14 cup long rows; that also on top of each of the above described cups were piled two more cups, making each of the three rows three cups high; that these piles of three cups each did not fit snug or tight one upon the other, and although the bottom cup in each pile lay flat on the shelf, because of the handles, the second cup from the bottom lay on an angle to the first cup and the third or top cup rested at a different angle from each of the two below it; that these cups were precariously balanced; that because of the loose, zig-zag manner in which the three cups were piled one upon the other, that any slight jar, sonic boom or vibration could cause at least the top cup to fall; that while walking past this cup display, one of the top cups in the front row fell to the floor, shattered, and a piece of the shattered cup struck and punctured the outer aspect of her left ankle; that when the cups fell the plaintiff had not brushed against it, as she was walking about two feet away from the shelf and that nobody walking or standing ahead of her brushed against or caused the cup to fall."

All the findings were supported by evidence except that of "any slight jar, sonic boom or vibration could cause at least the top cup to fall".

The trial judge also found that the manner of the display of the cups had existed for at least five years prior to the accident giving the defendant ample opportunity to observe and remedy the dangerous condition of the

premises created by the manner in which the cups were displayed.

The defendant duly filed two requests for rulings as follows:

"1.  Upon all the evidence, a finding for the plaintiff is not warranted in Count 1 of the declaration.

2.  Upon all the evidence, a finding for the plaintiff is not warranted in Count 2 of the declaration.

    *REASON*: There was no evidence which would warrant a finding that the plaintiff's injuries were the result of the negligent conduct on the part of the defendant, its agents, its servants, or its employees."

Both of these requests were refused by the trial judge who found for the plaintiffs. The defendant claims to be aggrieved by the refusal to grant these requests.

The sole issue is whether as a matter of law, the trial judge could on the evidence make an ultimate finding for the plaintiffs or to put the question in another form, was the trial judge required on the evidence to find for the defendant as a matter of law.

■     It is not for this Division as an appellate court, to review the trial judge's subsidiary findings of fact. *Butler v. Cromartie,* 339 Mass. 4.

■     Whether an ultimate finding of fact based on subsidiary findings of fact is either warranted or required by those facts, raises a question of law which may be reported. *Soutier v. Kaplow,* 330 Mass. 448.

█ The reported evidence and facts found involve the duty owed by a storekeeper or operator in control of the premises to a customer in his store. The storekeeper is under a duty to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition and to warn them of dangers that might arise from such use, which were not likely to be known to them, and the existence of which the storekeeper knew or ought to have known. Whether this duty has been complied with is a question of fact. *Coates v. First National Stores, Inc.,* 322 Mass. 563.

█ Numerous cases have arisen as to whether certain objects and their position in a store or the manner of display have or have not constituted negligence. As stated by Spaulding, J. in *Letiecq v. Denholm & McKay Co.,* 328 Mass. 120, 122, it is difficult to decide "whether a case falls on one side of the line or the other" and "that opinions may well differ."

The trial judge found the cups were piled three cups high; that they did not fit snugly and were precariously balanced and that that condition or manner of display had existed for at least five years prior to the accident and there was evidence tending to show these facts. He further found that on the third (top) row of the piled cups there was a vacant space between two cups. From this a reasonable inference could be drawn that the cup causing the injury fell from that vacant space.

He also found that the defendant did not keep the premises in a reasonably safe condition.

The defendant contends that there was no evidence upon which the trial judge could make a finding "that any slight jar, sonic boom, or vibration could cause the top cup to fall." It does not seem that the finding should be disturbed as the trial judge could from his personal experience and common knowledge very properly draw a reasonable inference that such forces could cause a cup to fall when stacked in the manner that they were found to have been, to wit: three high.

An appellate court cannot disturb this finding if it can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible. *Battro v. Watertown Square Theatre, Inc.,* 309 Mass. 223.

We feel that this test was met in the instant case, that there was no prejudicial error in the judge's denial of the defendant's requests No. 1 and No. 2, and that the order should be *report dismissed.*

## DISSENTING OPINION

*Garvey, P. J.* I respectfully disagree with the decision reached by my associates.

The trial judge found, from the evidence, the manner in which the coffee cups were stacked they "were precariously balanced", and without evidence, "that any slight jar, sonic boom or vibration could cause at least the top cup to fall". He further found "that

this type of cup display . . . . had existed for at least five years prior to the accident".

Accepting, as we must, the finding that the cups "were precariously balanced" the further finding that a jar, boom or vibration would be necessary "to cause at least the top cup to fall" clearly indicates that the manner of stacking in and of itself would not be sufficient to cause one or more of them to fall. There was no evidence that the area of the cup display, in the previous five years was ever subjected to "sonic booms, jarring or vibration", and more particularly there was no evidence that on the day of the accident that any of these conditions were present.

In *Wickes* v. *First National Stores, Inc.,* 346 Mass. 782, the plaintiff who had just alighted from an automobile in the parking lot of a super-market was struck and injured by a rolling unattended shopping cart. The court said: "What caused the shopping cart to be put in motion was utterly conjectural". In the instant case what caused the cup to fall, on the reported evidence and findings, "was utterly conjectural".

It was error, in my opinion, to deny the defendant's requests for rulings of law.